UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JM, through her next friend John Foley, and
JE, through her next friend Maria Fellin,
on their own behalf and on behalf of a class
of all other similarly-situated persons,**

    **Plaintiffs,**

    v.                                                     **CIV. NO. 07-604 RB/ACT**

**NEW MEXICO DEPARTMENT
OF HEALTH, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Beth Schaefer's Motion to Stay Discovery Pending a Decision on Qualified Immunity filed May 9, 2008 [Doc. 53] and Motion on Behalf of Defendants Sandoval, Adams, Mateju and Does 1-10 to Stay Discovery Pending Decision on these Defendants' Motion for Qualified Immunity on Plaintiffs' Substantive Due Process Claims filed May 21, 2008 [Doc. 63]. The individual Defendants are seeking a stay of discovery pending a ruling on their respective motions to dismiss in which the individual Defendants assert they are immune from suit [Docs. 51, 55]. Plaintiffs oppose the motions. The Court held a telephonic hearing with counsel on May 27, 2008, and has determined it is not necessary to conduct an additional hearing on June 16, 2008. The Court finds that the motions are well taken and will be granted.

The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. *Jiron v. City of Lakewood*, 392

F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). Indeed when a motion to dismiss based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery, and should stay discovery until the court considers and determines the motion to dismiss. *Workman,* 958 F.2d at 336.

Plaintiffs oppose the motions to stay on the grounds that discovery concerning the entities not entitled to qualified immunity should proceed as well as discovery concerning their request for injunctive and declaratory relief. The cases relied upon by Plaintiffs are not helpful to their position. Plaintiffs are correct in stating that "[q]ualified immunity applies to claims for monetary relief against officials in their individual capacities, but it is not a defense against claims for injunctive relief against officials in their official capacities." citing *Meiners v. Univ. of Kan.*, 359 F.3d 1222,1233. n.3 (10th Cir. 2004). The *Meiners* case does not address the issue of a stay but rather addresses the issue of proper defenses. Similarly, Plaintiffs cite to *DeVargas v. Mason & Harger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) and *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) for the proposition that suit for damages is different from a suit requesting injunctive relief and qualified immunity is immunity from money claims, not from all litigation. This is not disputed. What is disputed is when discovery should be stayed after a defendant asserts a qualified immunity defense. The *DeVargas* and *Behrens* cases do not address the issue of a stay of discovery.

Plaintiffs are also correct in stating that asserting a qualified immunity defense does not necessarily stay all discovery. Limited discovery may be necessary when there are disputed facts regarding the incident underlying the lawsuit and the defendant has filed a motion for summary

judgment based on qualified immunity. *Crawford-El v. Britton,* 523 U.S.574, 593 n. 14 (1998). In this matter Defendants have filed motions to dismiss, and not motions for summary judgment, on the qualified immunity issue. Thus, the motion requires the presiding judge to assume the truth of the factual allegations set forth in Plaintiffs' Amended Complaint for Class Action Injunctive and Declaratory Relief and for Individual Damages removed to federal court on June 21, 2007. [1]

A stay of discovery may also be properly denied when defendants have conducted considerable discovery prior to filing their motion as noted by the *Lugo* and *Del A* cases cited by the Plaintiffs. *Lugo v. Alvarado*, 819 F.2d 15 (1st Cir. 1987); *Del A v. Edwards*, 1998 WL 24143 (E.D. La). However, in this matter, there has been no discovery nor any delay on the part of the Defendants in asserting this defense.

Plaintiffs also rely on a Tenth Circuit case, *Graham v. Gray*, 827 F.2d 679 (10th Cir. 1987). Plaintiffs cite this case for the proposition that "a stay will do nothing to facilitate the public's business, because the defendants seeking qualified immunity are apparently all retired from the state government." Response at 8. In *Graham*, Plaintiff appealed an order denying him immunity from discovery which the Tenth Circuit upheld. However, in *Graham* the Defendant Gray "did not raise the issue of qualified immunity in his motions to dismiss..." and the Court specifically did not decide when it would "stay discovery in a case in which qualified immunity is an issue." *Id.* at 682. Again, this case does not support Plaintiff's opposition to Defendants' request for a stay.

Plaintiffs also cite to a Florida case *Harrell v. Campbell*, 482 F. Supp. 2d 1373 (N.D. Fla. 2007). The issue in *Harrell* was whether to stay proceedings during appeal of denial of a motion

---

[1] Defendant Beth Schaefer's Reply correctly cited an opinion by the Honorable Magistrate Judge Karen Molzen in *Escobar v. Las Cruces Public School District*, No. CIV 07-1191 *RB/KBM* noting this difference and granting the motion to stay discovery.

for summary judgment on qualified immunity grounds.  There is no appeal issue in this case at this time.

Finally, Plaintiffs and the individual Defendants cite to *Rome v. Romero*, 225 F.R.D. 640, D. Colo 2004).  In *Rome* the court notes that when a qualified immunity defense is asserted, some limited discovery is still permitted in three instances: "when the doctrine is asserted in a motion for summary judgment on contested factual assertions;"when plaintiff may be entitled to facts provided for by Fed.R.Civ.P. 56(f); and when defendant "foregoes an opportunity to address the issue prior to the commencement of discovery."  None of these three instances apply in this case.  As discussed above,  Defendants filed a motions to dismiss prior to any discovery.

The Court will stay this matter as to all Defendants.  If discovery were to proceed with the non-qualified immunity Defendants, as a practical matter, the qualified immunity Defendants have to participate in ongoing discovery.  They would have to keep abreast of the discovery, review discovery and responses, send representatives to depositions and incur the burdens of the trial process while awaiting a resolution on the pending motions to dismiss.  If Beth Schaefer's motion is granted, she will be dismissed as a defendant in this matter.  In addition, the court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq*., to reduce the costs of litigation.  By allowing any discovery to proceed, the Court would violate its obligation under the CJRA.

**IT IS THEREFORE ORDERED** that Defendant Beth Schaefer's Motion to Stay Discovery Pending a Decision on Qualified Immunity [Doc.53]   and Motion on Behalf of Defendants Sandoval, Adams, Mateju and Does 1-10 to Stay Discovery Pending Decision on these Defendants' Motion for Qualified Immunity  on Plaintiff's Substantive Due Process Claims [Doc.

63] are granted and all discovery will be stayed pending the court's disposition of the individual Defendants' motions to dismiss.

**IT IS FURTHER ORDERED** that the hearing scheduled for June 16, 2008, at 1:30pm is vacated.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**