IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JM, through her next friend John Foley, and**
**JE, through her next friend Maria Fellin,**
**on her own behalf and on behalf of a class of**
**all other similarly-situated persons,**

      **Plaintiffs,**

vs.                                                  **NO. CIV 07-0604 RB/ACT**

**NEW MEXICO DEPARTMENT OF HEALTH,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' objection to the Honorable Magistrate Judge Alan C. Torgerson's Memorandum Opinion and Order of June 5, 2008, staying all discovery. Having reviewed the submissions of the parties and the relevant law, Judge Torgerson's Order staying all discovery is **AFFIRMED**.

**I.    Background.**

This lawsuit was brought on behalf of Plaintiffs JM and JE, former residents of state institutions for persons with developmental disabilities, and a putative class of all other similarly-situated persons. Plaintiffs allege that JM, JE, and members of the putative class were improperly discharged from state institutions for persons with developmental disabilities and illegally placed in a variety of settings where they suffered abuse, neglect, and deprivation of the care and services they required. The Plaintiffs and members of the putative class seek injunctive and declaratory relief to remedy the alleged failures of the State of New Mexico to protect and care for them. The Plaintiffs JM and JE individually seek damages to compensate them for the

injuries and deprivations they allegedly suffered as a result of Defendants' allegedly unlawful conduct.

Plaintiffs have alleged claims against Beth Schaefer, Dan Sandoval, Roger Adams, Joseph Mateju, and Does 1-10 (hereinafter collectively the "Individual Defendants") in their individual capacities which are subject to the defense of qualified immunity.  On June 5, 2008, Judge Torgerson granted Defendant Ms. Schaefer's Motion to Stay Discovery Pending a Decision on Qualified Immunity, filed May 9, 2008, and the companion Motion on Behalf of Defendants Mr. Sandoval, Mr. Adams, Mr. Mateju, and Does 1-10 to Stay Discovery Pending Decision on these Defendants' Motion for Qualified Immunity on Plaintiffs' Substantive Due Process Claims, filed May 21, 2008.

**II.     Standard of Review.**

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any part of the order which it finds to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).  The clearly erroneous standard requires that the reviewing court affirm unless it is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

**III.    Discussion.**

The qualified immunity defense protects government officials performing discretionary functions for liability as well as the burdens of trial and discovery. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  The Court must first determine whether the actions the Individual Defendants allegedly took were "actions that a reasonable [person] could have believed lawful." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).  If their actions were those that a reasonable person could have believed were lawful, the Individual Defendants are entitled to

dismissal before discovery. *Workman*, 958 F.3d at 336. If their actions were not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved; however, any such discovery must be tailored specifically to the immunity question. *Anderson*, 483 U.S. at 646-47 n. 6.

The posture of the Individual Defendants' Motions to Dismiss on the Basis of Qualified Immunity requires the Court to assume the truth of the factual allegations set forth in the complaint; therefore, no discovery is necessary to resolve the issue of qualified immunity for purposes of Individual Defendants' Motions to Dismiss. *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

Only a full stay of discovery would be consistent with the goals behind qualified immunity claimed by the Individual Defendants. *See Workman*, 958 F.2d at 336. Indeed, if Plaintiffs were permitted to proceed to discovery in relation to any of their claims, the Individual Defendants, as a practical necessity, would have to participate in ongoing discovery in order to protect their interests, which would defeat the protection from discovery provided by qualified immunity. *Id.*

**IV.   Conclusion.**

Judge Torgerson's Order staying all discovery pending this Court's disposition of the Individual Defendants' Motions to Dismiss on the Basis of Qualified Immunity is neither clearly erroneous nor contrary to law; instead, it is the legally correct determination of the matter.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Judge Torgerson's Memorandum Opinion and Order of June 5, 2008, staying all discovery, is **AFFIRMED**.

_[signature]_

**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**