IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JM, through her next friend John Foley, and
JE, through her next friend Maria Fellin,
on her own behalf and on behalf of a class of
all other similarly-situated persons,**

   **Plaintiffs,**

vs.                     **NO. CIV 07-0604 RB/ACT**

**NEW MEXICO DEPARTMENT OF HEALTH,
et al.,**

   **Defendants.**

### MEMORANDUM OPINION AND ORDER

   **THIS MATTER** came before the Court on Defendants' Joint Motion to Dismiss Plaintiffs' Twelfth, Thirteenth, and Fourteenth Causes of Action, filed on May 19, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Pursuant to the Memorandum Opinion and Order issued by this Court on December 31, 2008, Plaintiffs JM and JE's Twelfth and Thirteenth Causes of Action were dismissed on summary judgment. This Memorandum Opinion and Order, therefore, only addresses Plaintiffs' Fourteenth Cause of Action. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendants' Joint Motion to Dismiss Plaintiffs' Fourteenth Cause of Action is **DENIED**.

**I. Background.**

   The following background narrative is based on Plaintiffs JM and JE's allegations, which, at this stage of the litigation, have not been substantiated. However, for purposes of analyzing Defendants' Joint Motion to Dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the Plaintiffs' well-pleaded allegations as true. *David v. City & County of Denver*,

101 F.3d 1344, 1352 (10th Cir. 1996).

In 1963, when JM was six years old, she was committed by Court Order to the Los Lunas Hospital and Training School.  JM alleges that Defendants shuttled her among various state-owned or state-funded facilities, without court permission, between 1964 and 1974.  She alleges that she was verbally and physically abused, and that Defendants neglected to provide her with necessary educational, vocational, or psychological services.  In 1977, JM alleges that she was transferred, without judicial authority, from a group home in Albuquerque to a retirement home for elderly women and then to the household of the owner of the retirement home, where she was required to perform free labor.  JM was discharged from state custody by Court Order on June 29, 1979.  She alleges that Defendants essentially abandoned her, failing to monitor her health and welfare, provide the services she required, or designate a legally recognized surrogate decision-maker to assist her and protect her legal rights.

In 1963, when JE was twenty years old, she was committed by Court Order to the Los Lunas Hospital and Training School.  JE alleges that, after 1963, Defendants transferred her to a different state facility without court permission, failed to provide her with the Supplemental Security Income to which she was entitled, neglected to provide her with education, vocational training, or needed therapies, required her to perform labor without pay, and eventually consigned her to the custody of third parties outside her family.  JE was discharged from state custody by Court Order in 1972.  JE alleges that the state improperly discharged her from custody, without her consent, without appointing a guardian to help her with decision-making, and without arranging for any of the critical services to which she was legally entitled.

This lawsuit was brought on behalf of Plaintiffs JM and JE and a putative class of all other similarly-situated persons. Plaintiffs JM and JE and members of the putative class seek

injunctive and declaratory relief to remedy the alleged failures of the State of New Mexico and its agencies to protect and care for them. Plaintiffs JM and JE individually seek damages for injuries and deprivations they allegedly suffered as a result of the Defendants' actions. Plaintiffs JM and JE specifically allege in their Fourteenth Cause of Action that Defendants breached their duties to the Plaintiffs by placing them with outside agencies or third parties and by abdicating any and all professional responsibility for the Plaintiffs, including failing to ensure that they were placed with individuals who were trained and able to provide for all their needs, failing to monitor Plaintiffs' health and welfare, and failing to provide Plaintiffs with adequate health care services.

Defendants seek to dismiss Plaintiffs JM and JE's Fourteenth Cause of Action, arguing that there is no waiver of sovereign immunity under any section of the Tort Claims Act that pertains to Plaintiffs' claims. Plaintiffs JM and JE counter that the claims in their Fourteenth Cause of Action do not arise under the Tort Claims Act; rather, they arise under NM Stat. Ann. § 5-13-4 (1975)(Repealed 1976) and NM Stat. Ann. § 5-6-20 (1959)(Repealed 1975).

**II.     Rule 12(b)(6) Standard.**

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David*, 101 F.3d at 1352. The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

**III.    Discussion.**

Until July 1, 1976, the common law doctrine of sovereign immunity barred suits against the State of New Mexico and its agencies, unless the State had waived its immunity. *See Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (N.M. 1976).  The Supreme Court of New Mexico, in *Hicks v. State*, prospectively overturned the common law doctrine of sovereign immunity, effective on July 1, 1976. *Id.*  In reaction to the *Hicks* opinion, the State legislature enacted the Tort Claims Act, granting all government entities and their employees general immunity from actions in tort, except in specified circumstances. *Upton v. Clovis Mun. Sch. Dist.*, 140 N.M. 205, 206, 141 P.3d 1259, 1260 (N.M. 2006).  The Tort Claims Act, however, does not apply to any occurrence giving rise to a claim against a government entity or public employee arising prior to July 1, 1976. *Romero v. New Mexico Health and Env't Dep't*, 107 N.M. 516, 519, 760 P.2d 1282, 1285 (N.M. 1988).  Instead, occurrences giving rise to claims that arose prior to July 1, 1976 are governed by the statute in effect at the time the claim arose. *Id.*

As Plaintiffs JM and JE acknowledge, their Fourteenth Cause of Action relates only to alleged injuries that occurred prior to July 1, 1976 (Doc. 92).  The Tort Claims Act is only applicable to JM and JE's alleged injuries that occurred on or after July 1, 1976. *See New Mexico Livestock Board v. Dose*, 94 N.M. 68, 72, 607 P.2d 606, 611 (N.M. 1980).  JM and JE's alleged injuries that occurred between July 1, 1975 and July 1, 1976 are governed by the Public Officers and Employees Liability Act, NM Stat. Ann. § 5-13-4 (1975)(Repealed 1976). *See Gallagher v. Albuquerque Metro. Arroyo Flood Control Auth.*, 90 N.M. 309, 311, 563 P.2d 103, 105 (N.M. Ct. App. 1977).  Similarly, JM and JE's alleged injuries that occurred prior to July 1, 1975 are governed by NM Stat. Ann. § 5-6-20 (1959)(Repealed 1975). *Romero*, 107 N.M. at 519, 760 P.2d at 1285.  Both statutes provide broad waivers of sovereign immunity, allowing suits in negligence to be maintained against the State of New Mexico and its agencies. *See* NM Stat.

4

Ann. § 5-6-20 (1959)(Repealed 1975); NM Stat. Ann. § 5-13-4 (1975)(Repealed 1976).

Plaintiffs JM and JE's factual allegations, under their Fourteenth Cause of Action, therefore, are sufficient to state a claim upon which relief can be granted. *Twombly*, 127 S.Ct. at 1965.

### IV. Conclusion.

The waivers of sovereign immunity under NM Stat. Ann. § 5-6-20 (1959)(Repealed 1975) and NM Stat. Ann. § 5-13-4 (1975)(Repealed 1976) are sufficiently broad to allow Plaintiffs JM and JE to state a claim upon which relief can be granted for injuries suffered prior to July 1, 1976, and they have alleged sufficient facts, under their Fourteenth Cause of Action, to state a claim for negligence and negligent placement upon which relief can be granted.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Plaintiffs' Fourteenth Cause of Action is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**