IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JM, through her next friend John Foley, and
JE, through her next friend Maria Fellin,
on her own behalf and on behalf of a class of
all other similarly-situated persons,**

      **Plaintiffs,**

vs.                                                    **NO. CIV 07-0604 RB/ACT**

**NEW MEXICO DEPARTMENT OF HEALTH,
et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Joint Motion to Dismiss Plaintiffs' Third Cause of Action For Alleged Violations of the Americans with Disabilities Act, filed October 24, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendants' Joint Motion to Dismiss Plaintiffs' Third Cause of Action is **GRANTED**.

**I.**     **Background.**

The following background narrative is based on Plaintiffs JM and JE's allegations, which, at this stage of the litigation, have not been substantiated. However, for purposes of analyzing Defendants' Joint Motion to Dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the Plaintiffs' well-pleaded allegations as true. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

In 1963, when JM was six years old, she was committed by Court Order to the Los Lunas Hospital and Training School. JM alleges that Defendants shuttled her among various state-

owned or state-funded facilities, without court permission, between 1964 and 1974. She alleges that she was verbally and physically abused, denied federal benefits to which she was entitled, and that Defendants neglected to provide her with necessary educational, vocational, or psychological services. In 1977, JM alleges that she was transferred, without judicial authority, from a group home in Albuquerque to a retirement home for elderly women and then to the household of the owner of the retirement home, where she was required to perform free labor. JM was discharged from state custody by Court Order on June 29, 1979. She alleges that Defendants essentially abandoned her, failing to monitor her health and welfare, to provide the services she required, or to designate a legally recognized surrogate decision-maker to assist her and protect her legal rights.

In 1963, when JE was twenty years old, she was committed by Court Order to the Los Lunas Hospital and Training School. JE alleges that, after 1963, Defendants transferred her to a different state facility without court permission, failed to provide her with the Supplemental Security Income to which she was entitled, neglected to provide her with education, vocational training, or needed therapies, required her to perform labor without pay, and eventually consigned her to the custody of third parties outside her family. JE was discharged from state custody by Court Order in 1972. JE alleges that the state improperly discharged her from custody, without her consent, without appointing a guardian to help her with decision-making, and without arranging for any of the critical services to which she was legally entitled.

Plaintiffs allege in their Third Cause of Action that Defendants violated their rights secured under the Americans with Disabilities Act. Defendants seek to dismiss Plaintiffs' Third Cause of Action, arguing that Defendants' alleged acts that form the basis of Plaintiffs JM and JE's Third Cause of Action occurred prior to the enactment of the Americans with Disabilities

2

Act.

## II.     Rule 12(b)(6) Standard.

A claim for relief may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  For purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), this Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *David*, 101 F.3d at 1352.  The Court must also look for plausibility in the complaint; in other words, the complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III.    Discussion.

Plaintiffs JM and JE stipulated in their Response, filed November 20, 2008, that they do not seek damages against Defendants Sandoval, Adams, Mateju, Schaefer, or Does 1-10, in their individual capacities, under the Americans with Disabilities Act.  Plaintiffs' Second Amended Complaint also explicitly states: "The ADA became effective as of 1992.  The Third Cause of Action applies to all acts that occurred after the effective date of the statute and any acts that began before the effective date of the statute and continued after the effective date of the statute."  Plaintiff JM was discharged from state custody by Court Order in 1979, and Plaintiff JE was discharged from state custody by Court Order in 1972.  Defendants' alleged acts against Plaintiffs JM and JE occurred prior to the effective date of the Americans with Disabilities Act. *See* 42 U.S.C.A. § 12131.  Plaintiffs JM and JE, therefore, cannot plausibly state a claim against any of the Defendants upon which relief could be granted, under the Americans with Disabilities Act. *See Twombly*, 127 S.Ct. at 1965 (2007).  Thus, Plaintiffs JM and JE's Third Cause of Action claims must be dismissed.

### IV. Conclusion.

Plaintiffs JM and JE cannot plausibly state a claim, under the Americans with Disabilities Act, against any of the Defendants.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Plaintiffs' Third Cause of Action is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**