IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JM, through her next friend John Foley, and
JE, through her next friend Maria Fellin,
on her own behalf and on behalf of a class of
all other similarly-situated persons,

      Plaintiffs,

vs.                                            NO. CIV 07-0604 RB/ACT

NEW MEXICO DEPARTMENT OF HEALTH,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Stay Decision on Class Certification and Appointment of Class Counsel, filed on June 2, 2008. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions, relevant law, and being otherwise fully advised, Defendants' Motion to Stay Decision on Class Certification and Appointment of Class Counsel is **GRANTED**.

**I.    Background.**

This lawsuit was brought on behalf of Plaintiffs JM and JE, former residents of state institutions for persons with developmental disabilities, and a putative class of all other similarly-situated persons. JE was discharged from state custody by Court Order in 1972. Plaintiff JM was discharged from state custody by Court Order in 1979. Plaintiffs generally allege that JM, JE, and members of the putative class were improperly discharged from state institutions for persons with developmental disabilities and placed in unlicensed agencies where they suffered abuse, neglect, and deprivation of the care and services for which they were

entitled. Plaintiffs further allege that JM, JE, and members of the putative class were not provided with legally recognized surrogate decision-makers, such as a guardian, conservator, or treatment guardian to assist them and protect their legal rights.

The Plaintiffs and members of the putative class seek injunctive and declaratory relief to require: (1) a full investigation into the legal status, safety, health, and adequacy of services provided to all putative class members; (2) provision of proper discharge planning for all putative class members; (3) formal evaluation of each class member's ability to give or withhold informed consent for treatment and manage their personal affairs; (4) provision of a legally recognized surrogate decision-maker to each putative class member that requires assistance making decisions; and (5) other relief calculated to protect putative class members from abuse, neglect, and exploitation and halt violations of putative class members' constitutional and statutory rights.

Plaintiffs seek to certify the following class:

All individuals initially placed at a state-operated facility for people with developmental disabilities who were then physically placed in substitute care settings after January 1, 1970 and for whom the State either:

A. Did not secure placement with a certified professional provider agency upon release or discharge, regardless of whether such release or discharge was by law or by fact; or

B. Failed to identify or obtain a legally recognized surrogate decision-maker, such as a guardian, conservator, or treatment guardian to assist them to the extent of their needs for assistance, in giving or withholding informed consent and making decisions regarding their affairs. Excluded from the class are any persons who are class members in *Jackson v. Fort Stanton Hospital*, United States District Court for the District of New Mexico, No. CV-87-00839.

Defendants oppose class certification and seek an Order from this Court staying a decision on class certification until discovery can be conducted regarding Plaintiffs JM and JE's

claimed incapacity, under NM. Stat. Ann. § 37-1-10 (1978), and other issues related to the relevant statute of limitations can be resolved.

## II. Discussion.

Although an order determining whether an action is to be maintained as a class action should be entered at "an early practicable time," an order regarding class certification can be made at any time before or, under some circumstances, even after a final judgment has been rendered. *See* Fed.R.Civ.P. 23(c)(1); *Gurule v. Wilson*, 635 F.2d 782, 788-89 (10th Cir. 1980), overruled on other grounds by *Cox v. Flood*, 683 F.2d 330, 331 (10th Cir. 1982). The Court has discretion to determine the most appropriate point in the proceedings for certification. Fed.R.Civ.P. 23(c)(1). The Court believes that a ruling on the issue of class certification is premature at this state of the litigation, especially because Plaintiffs' causes of action may be narrowed through pre-trial motions and the existing record is inadequate to resolve issues relating to the applicability of the relevant statute of limitations to the claims of JM, JE, and the putative class. The Court concludes that staying its decision on class certification and granting leave for the parties to supplement their previous briefing on the issue is the most fair and efficient way to move forward in this case.

In their supplemental briefing in support of their motion for class certification, Plaintiffs are instructed to more clearly articulate which claims are brought on behalf of the class, as opposed to claims brought only on behalf of JM and JE. The Court further reminds Plaintiffs that they have the burden of demonstrating "under a strict burden of proof" that the requirements for a class action under Rule 23 are "clearly met." *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). In analyzing whether a plaintiff has met that burden, the Court "must accept the substantive allegations of the complaint as true;" however, the Court will not "blindly rely on

conclusory allegations which parrot Rule 23" and may also take into consideration legal and factual issues presented in the complaint. *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004). Indeed, conclusory allegations and unsupported assertions will be deemed insufficient to demonstrate that the requirements of Rule 23 have been met. *Reed*, 849 F.2d at 1309.

### III.     Conclusion.

The Court believes that a ruling on the issue of class certification is premature at this time.[1]

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Decision on Class Certification and Appointment of Class Counsel is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that, pursuant to the Memorandum Opinion and Order issued by this Court on November 21, 2008, all discovery remains stayed pending disposition of Defendant Beth Schaefer's Motion to Dismiss on the Basis of Qualified Immunity.