IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JM, through her next friend John Foley, and**
**JE, through her next friend Maria Fellin,**
**on her own behalf and on behalf of a class of**
**all other similarly-situated persons,**

      **Plaintiffs,**

vs.                                                    **NO. CIV 07-0604 RB/ACT**

**NEW MEXICO DEPARTMENT OF HEALTH,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion for Partial Reconsideration of Order Partially Granting Defendants' Joint Motion for Summary Judgment on Tort Claims Act and Negligence Claims on the Basis of the Statute of Limitations, filed January 14, 2009. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Plaintiffs' Motion for Partial Reconsideration is **DENIED**.

**I.    Background.**

This lawsuit was brought on behalf of Plaintiffs JM and JE, former residents of state institutions for persons with developmental disabilities, and a putative class of all other similarly-situated persons. JM was discharged from state custody by Court Order in 1979. JE was discharged from state custody by Court Order in 1972. Plaintiffs allege that JM, JE, and members of the putative class were improperly discharged from state institutions for persons with developmental disabilities and placed in unlicensed agencies where they suffered abuse,

neglect, and deprivation of the care and services for which they were entitled. Plaintiffs further allege that JM, JE, and members of the putative class were not provided with legally recognized surrogate decision-makers, such as a guardian, conservator, or treatment guardian, to assist them and protect their legal rights. Plaintiffs JM and JE and members of the putative class seek injunctive and declaratory relief to remedy the alleged failures of the State of New Mexico to protect and care for them. Plaintiffs JM and JE individually seek damages for injuries and deprivations they allegedly suffered as a result of the Defendants' actions. Plaintiffs JM and JE make the following fraudulent concealment claim and argue that the statute of limitations as to their Twelfth, Thirteenth, and Fourteenth Causes of Action should be equitably tolled:

> The State Defendants' conduct in placing and abandoning the Plaintiffs with unqualified persons outside judicial supervision had the effect of fraudulently concealing from the Plaintiffs the material facts necessary for them to discover a potential cause of action (Doc. 187).

On July 17, 2008, Defendants moved for summary judgment based on the running of the controlling statute of limitations on Plaintiffs' Twelfth, Thirteenth, and Fourteenth. On December 31, 2008, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion for summary judgment. In issuing its December 31, 2008 ruling, the Court concluded:

> Plaintiff JE cannot state a claim upon which relief can be granted under the Tort Claims Act. Plaintiff JM's causes of action under the Tort Claims Act are barred by the statute of limitations. With respect to JM and JE's claims that arose prior to the enactment of the Tort Claims Act, the issue of whether JM and JE have been continuously incapacitated, for purposes of tolling the statute of limitations, since their respective discharges from state custody remains a question of material fact (Doc. 194).

The Court also found the doctrine of fraudulent concealment inapplicable to Plaintiffs JM and JE's Twelfth, Thirteenth, and Fourteenth Causes of Action (Doc. 194). On January 14, 2009,

Plaintiffs moved for reconsideration of the Court's Memorandum Opinion and Order of December 31, 2008 to the extent that it entered summary judgment against Plaintiffs on their contention that Defendants engaged in fraudulent concealment that tolls the statute of limitations applicable to Plaintiffs' Twelfth, Thirteenth, and Fourteenth Causes of Action.

## II.     Standard of Review.

A motion for reconsideration filed prior to final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 fn. 1 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## III.    Discussion.

Plaintiffs' argument that Defendants failed to meet their initial burden of requesting relief from Plaintiffs' fraudulent concealment claim is entirely without merit. As a preliminary matter, fraudulent concealment is not a cause of action; instead, it is an equitable doctrine that can act to toll an applicable statute of limitations. *See Tomlinson v. George*, 138 N.M. 34, 39-40, 116 P.3d 105, 110-111 (N.M. 2005). State law governs limitations and tolling issues, including burdens of proof. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). Under New Mexico law,

on a motion for summary judgment, "the party claiming that the statute of limitations should be tolled has the burden of alleging sufficient facts that, if proven, would toll the statute." *Roscoe v. U.S. Life Title Ins. Co. of Dallas*, 105 N.M. 589, 590, 734 P.2d 1272, 1273 (N.M. 1987)(overruled on other grounds); *Roberts*, 484 F.3d at 1240.  Defendants clearly stated in their Motion for Summary Judgment "there is no applicable tolling provision which would allow these claims to survive" (Doc. 130).  Plaintiffs addressed the issue of fraudulent concealment in their Response (Doc. 147).  The Court, however, in its Memorandum Opinion and Order of December 31, 2008, found the doctrine of fraudulent concealment inapplicable to Plaintiffs JM and JE's Twelfth, Thirteenth, and Fourteenth Causes of Action (Doc. 194).

      The Court reiterates that Plaintiffs JM and JE were not similarly situated in relation to their now dismissed Twelfth and Thirteenth Causes of Action.  Because Plaintiffs JM and JE were discharged from state custody by Court Orders at different times–1979 and 1972, respectively–the Tort Claims Act applies to each of them differently. *See Romero v. New Mexico Health and Env't Dep't*, 107 N.M. 516, 519, 760 P.2d 1282, 1285 (N.M. 1988).

      As the Court pointed out in its December 31, 2008 Memorandum Opinion and Order, the Tort Claims Act does not apply to any claims that arose prior to July 1, 1976. *Id.*  Plaintiff JE was discharged from state custody by Court Order in 1972, *prior to the enactment of the Tort Claims Act*.  The injuries that Plaintiff JE alleges in her Twelfth and Thirteenth Causes of Action occurred during the period of time she was in state custody and incident to her discharge from state custody, i.e., prior to the effective date of the Tort Claims Act.  Because Plaintiff JE's alleged injuries took place prior to the effective date of the Tort Claims Act, she cannot state a claim, under the Tort Claims Act, upon which relief can be granted. *Id.*  Plaintiff JE's Twelfth

and Thirteenth Causes of Action, therefore, were dismissed with prejudice.

The doctrine of fraudulent concealment is irrelevant to Plaintiff JE's Twelfth and Thirteenth Causes of Action because she lacks a cause of action under the Tort Claims Act. In other words, Plaintiff JE's Twelfth and Thirteenth Causes of Action failed not because the statute of limitations had run, but because she failed to state a claim, under the Tort Claims Act, upon which relief can be granted. Indeed, even if the Court found the doctrine of fraudulent concealment applicable to Plaintiff JE's Twelfth and Thirteenth Causes of Action, tolling the statute of limitations could do nothing to revive her dismissed claims under the Tort Claims Act.

Plaintiff JM failed to set forth sufficient factual allegations to support her claim that the statute of limitations for her Twelfth and Thirteenth Causes of Action should be tolled based on fraudulent concealment. The essential elements of a fraudulent concealment claim are:

> (1) the use of fraudulent means by the party who raises the bar of the statute of limitations; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of reasonable diligence could not have known that he might have a cause of action.

*Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 698, 858 P.2d 66, 74 (N.M. 1993). Fraudulent concealment must be plead with particularity. *Id.* Indeed, "[b]ald allegations of concealment are not sufficient to make out a case of fraudulent concealment." *Id.* Plaintiff JM had the burden of asserting sufficient factual allegations to show not only that she failed to discover the cause of action prior to the running of the statute of limitations, but also that she exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence. *Id.*

Plaintiff JM failed to assert sufficient factual allegations to meet her burden or render her fraudulent concealment claim plausible. See *Roscoe*, 105 N.M. at 590, 734 P.2d at 1273. Indeed,

5

Plaintiff JM was clearly aware of her placement outside the Training School. Her discharge from state custody was publicly documented in state court orders and records, and the negligence in allegedly placing JM in a substandard community setting is not the type of injury that conceals itself from the injured party. *See Hardin v. Farris*, 87 N.M. 143, 146, 530 P.2d 407, 410 (N.M. Ct. App. 1974); *Tomlinson*, 138 N.M. at 38, 116 P.3d at 109. The doctrine of fraudulent concealment, therefore, is inapplicable to Plaintiff JM's Twelfth and Thirteenth Causes of Action.

It is true that the doctrine of fraudulent concealment can apply to claims brought under the Tort Claims Act; however, implied or equitable exceptions are not to be grafted upon a statute of limitations where the legislature has expressly precluded the exception. *See Armijo v. Regents of University of New Mexico,* 103 N.M. 183, 704 P.2d 437 (N.M. 1984)(reversed in part on other grounds); *Mosgrave v. McManus*, 24 N.M. 227, 173 P. 196, 197 (N.M. 1918); *Slade v. Slade*, 81 N.M. 462, 463, 468 P.2d 627, 628 (N.M. 1970). The Court recognizes that Plaintiff JM's "powers of understanding and comprehension" are relevant to her fraudulent concealment claim. *See Chisholm v. House*, 183 F.2d 698, 706 (10th Cir. 1950). The Court, however, also must take into consideration the letter and intent of the applicable statute of limitations. *See Roberts*, 484 F.3d at 1240. Thus, it is important to note the Tort Claims Act specifically provides:

> Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file. *This subsection applies to all persons regardless of minority or other legal disability.*

NM Stat. Ann. § 41-4-15 (1978) (emphasis added). Furthermore, the Court of Appeals of New

Mexico has repeatedly held that two years constituted a reasonable period of time in which to require a mentally incompetent victim to file suit under the Tort Claims Act. *Jaramillo v. State*, 11 N.M. at 726-27, 809 P.2d at 640-41; *see also Jaramillo v. Heaton*, 136 N.M. 498, 501, 100 P.3d 204, 207 (N.M. Ct. App. 2004) (reiterating the Court's holding in *Jaramillo v. State*).

Plaintiffs generally allege that Defendants fraudulently concealed from Plaintiff JM the fact that she had been mistreated, denied benefits, and improperly discharged from state custody by placing her in a noninstitutionalized setting and causing her to be discharged from state custody by Court Order.  The essence of Plaintiffs' fraudulent concealment claim, however, is that JM, *because of her mental disability*, lacked the capacity to fully apprehend her alleged injuries and initiate a legal suit.  The Court believes that it would be inappropriate to allow Plaintiff JM to perform an end run around the statute by bootstraping an equitable tolling exception, nominally identified as fraudulent concealment, based entirely on mental incapacity, a tolling exception which is unequivocally precluded by the Tort Claims Act. *See* NM Stat. Ann. § 41-4-15.

The Court notes that Plaintiff JE retains her Fourteenth Cause of Action, despite the statute of limitations, based on Plaintiffs' factual allegations raising the statutory tolling exception for "incapacitated persons." NM Stat. Ann. § 37-1-10 (1978).  Plaintiff JE, however, failed to set forth sufficient factual allegations to support her claim that the statute of limitations for her Fourteenth Cause of Action should be tolled based on fraudulent concealment.  Plaintiff JE had the burden of asserting sufficient factual allegations to show not only that she failed to discover the cause of action prior to the running of the statute of limitations, but also that she exercised due diligence and that some affirmative act of fraudulent concealment frustrated

7

discovery notwithstanding such diligence. *Continental Potash, Inc.*, 115 N.M. at 698, 858 P.2d at 74. Thus, Plaintiff JE failed to assert sufficient factual allegations to meet her burden or render her fraudulent concealment claim plausible. *See Roscoe*, 105 N.M. at 590, 734 P.2d at 1273. Indeed, Plaintiff JE was manifestly aware of her placement outside the Training School. Her discharge from state custody was publicly documented in state court orders and records, and the negligence in allegedly placing JE in an improper private setting is not the type of injury that conceals itself from the injured party. *See Hardin*, 87 N.M. at 146, 530 P.2d at 410; *Tomlinson*, 138 N.M. at 38, 116 P.3d at 109. The doctrine of fraudulent concealment, therefore, is inapplicable to Plaintiff JE's Fourteenth Cause of Action.

Plaintiff JM also retains her Fourteenth Cause of Action, despite the statute of limitations, based on Plaintiffs' factual allegations raising the statutory tolling exception for "incapacitated persons." NM Stat. Ann. § 37-1-10 (1978). However, as the Court explained in its December 31, 2008 Memorandum Opinion and Order, the only injuries alleged in Plaintiff JM's Fourteenth Cause of Action that can form the basis of a claim upon which relief can be granted are those that occurred prior to July 1, 1976. *See Romero*, 107 N.M. at 519, 760 P.2d at 1285. As set forth in Plaintiffs' Second Amended Complaint, the alleged fraudulent concealment occurred incident to Plaintiff JM's discharge from state custody in 1979. Consequently, Plaintiffs' fraudulent concealment claim is inapplicable to Plaintiff JM's Fourteenth Cause of Action.

**IV.   Conclusion.**

The doctrine of fraudulent concealment is irrelevant to Plaintiff JE's Twelfth and Thirteenth Causes of Action because she lacks a cause of action under the Tort Claims Act.

Plaintiff JM failed to set forth sufficient factual allegations to support her fraudulent concealment claim for her Twelfth and Thirteenth Causes of Action.  Plaintiff JE failed to set forth sufficient factual allegations to support her fraudulent concealment claim for her Fourteenth Cause of Action.  Because the alleged fraudulent concealment occurred after July 1, 1976, Plaintiffs' fraudulent concealment claim is inapplicable to Plaintiff JM's Fourteenth Cause of Action.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Partial Reconsideration is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**